

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VENUS TAYLOR, as Administratrix of the :
Estate of FELIX B. TAYLOR, deceased, and :
VENUS TAYLOR, in her own right :
2235 W. Ingersoll Street :
Philadelphia, PA 19121 :
          Plaintiff, :
                   :
        v. :
                   :
MOHAMMAD A. SAYEED, M.D. :
Suburban Pulmonary Medicine, P.C. :
1 Bartol Avenue :
Ridley Park, PA 19078 :
                   :
[SEE ATTACHED RIDER] :

**18   814**

CIVIL ACTION NO:

FILED
FEB 23 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## RIDER

ROBERT B. WATTERSON, M.D.                          :
1412 Fairmount Avenue, Suite 22                     :
Philadelphia, PA 19130                                :
                                                              :
and                                                          :
                                                              :
DELAWARE VALLEY COMMUNITY            :
HEALTH, INC. d/b/a and/or a/k/a                   :
FAIRMOUNT PRIMARY CARE CENTER      :
1412 Fairmount Avenue, Suite 22                     :
Philadelphia, PA 19130                                :
                                                              :
                    Defendants.                          :

## NOTICE OF REMOVAL OF CIVIL ACTION FROM
## STATE COURT TO THE UNITED STATES DISTRICT COURT

Pursuant to 42 U.S.C. § 233(c), the United States of America, on behalf of defendants,

Robert B. Watterson, M.D., and Delaware Valley Community Health, Inc. d/b/a and/or a/k/a

Fairmount Primary Care Center (the "Federal Defendants"), hereby removes this action to the

Federal District Court for the Eastern District of Pennsylvania. In support thereof, the United

States of America avers the following:

1. On or about June 9, 2017, plaintiff filed a Complaint in the Court of Common Pleas,

Philadelphia County (copy attached hereto as Exhibit A).

2. The Complaint names as defendants, among others, Robert B. Watterson, M.D. and

Delaware Valley Community Health, Inc. d/b/a and/or a/k/a Fairmount Primary Care Center.

3. Based upon the allegations of the Complaint, and by operation of the Federally

Supported Health Centers Assistance Act ("FSHCAA" or "the Act") (42 U.S.C. §233(g)-(n)), the

Federal Defendants are covered under the Federal Tort Claims Act (28 U.S.C.

§ 2679(b)(1)).  *See* Compl. ¶¶ 12-25.

4.  Based upon the allegations of the Complaint, the Federal Defendants at all relevant times were acting in their capacities under the Act.

5.  Plaintiff purports to bring claims against all defendants based upon state tort claims.  Tort claims brought under the Federal Tort Claims Act may only be brought in Federal District Court.  28 U.S.C. § 1346.

6.  Under 28 U.S.C. § 1442(a)(1), any civil action commenced in State court against an agency of the United States may be removed to the United States District Court for the district in which the action is pending.

7.  In accordance with 28 U.S.C. § 1446(d), a true and correct certified copy of this Notice of Removal is being:  (a) filed in the Office of Judicial Records, First Judicial District of Pennsylvania of the Court of Common Pleas for Philadelphia County; and (b) sent to counsel for plaintiff and for defendant Mohammad A. Sayeed, M.D..

8.  No bond is required to accompany this Notice because it is being filed on behalf of the United States.

9.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States hereby submits notice of removal of this action.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney


MARGARET L HUTCHINSON
Assistant United States Attorney
Chief, Civil Division


GREGORY B. DAVID
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106


Dated: February 22, 2018

3

<u>VERIFICATION</u>

I, Gregory B. David, the Assistant United States Attorney assigned to this matter, verify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

2 | 21 | 18
DATE

Gregory B. David
Assistant United States Attorney

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JUNE 2017** |
| E-Filing Number: 1706022620 |
| **000944** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| VENUS TAYLOR | MOHAMMAD A. SAYEED M.D |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 2235 W. INGERSOLL STREET PHILADELPHIA PA 19121 | SUBURBAN PULMONARY MEDICINE PC 1 BARTOL AVENUE RIDLEY PARK PA 19078 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| FELIX B. TAYLOR | ROBERT B. WATTERSON M.D |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 2235 W. INGERSOLL STREET PHILADELPHIA PA 19121 | 1412 FAIRMOUNT AVENUE SUITE 22 PHILADELPHIA PA 19130 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | DELAWARE VALLEY COMMUNITY HEALTH, INC., ALIAS: FAIRMOUNT PRIMARY CARE CENTER |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 1412 FAIRMOUNT AVENUE PHILADELPHIA PA 19130 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
| --- | --- | --- | --- | --- |
| 2 | 3 | ☒ Complaint  ☐ Writ of Summons | ☐ Petition Action  ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☒ Jury  ☐ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 2M - MALPRACTICE - MEDICAL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** JUN 09 2017 **M. BRYANT** | IS CASE SUBJECT TO COORDINATION ORDER? YES    NO |
| --- | --- | --- |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VENUS TAYLOR , FELIX B TAYLOR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| JASON S. WEISS | WAPNER NEWMAN WIGRIZER BRECHER MILLER |

| PHONE NUMBER | FAX NUMBER | 2000 MARKET SUTIE 2750 PHILADELPHIA PA 19103 |
| --- | --- | --- |
| (215)569-0900 | (215)569-4621 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 310446 | weissj@wnwlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| JASON WEISS | Friday, June 09, 2017, 10:11 am |

FINAL COPY (Approved by the Prothonotary Clerk)

BY:   **STEVEN G. WIGRIZER**
      **JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

This is a Major Jury Case.
Jury Trial is Demanded.
Assessment of Damages Hearing required by the
Office of Judicial Records

**ATTORNEYS FOR PLAINTIFF**

---

| | |
|---|---|
| **VENUS TAYLOR**, as Administratrix of the | : |
| Estate of **FELIX B. TAYLOR**, deceased, and | : |
| VENUS TAYLOR, in her own right | : |
| 2235 W. Ingersoll Street | : |
| Philadelphia, PA 19121 | : |
| *Plaintiff*, | : |
| | : |
| v. | : |
| **MOHAMMAD A. SAYEED, M.D.** | : |
| Suburban Pulmonary Medicine, P.C. | : |
| 1 Bartol Avenue | : |
| Ridley Park, PA 19078 | : |
| | : |
| [*SEE ATTACHED RIDER*] | : |

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

_____ **TERM, 2017**

No. _____

**CIVIL ACTION**

*Medical Professional Liability Action*

---

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 CALLE DEL MERCADO
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

1

Case ID: 170600944

## RIDER

**ROBERT B. WATTERSON, M.D.**           :
1412 Fairmount Avenue, Suite 22          :
Philadelphia, PA 19130                          :
                                                            :
         and                                    :            .
                                                            :
**DELAWARE VALLEY COMMUNITY**     :
**HEALTH, INC.** d/b/a and/or a/k/a       :
**FAIRMOUNT PRIMARY CARE CENTER** :
1412 Fairmount Avenue                        :
Philadelphia, PA 19130                          :
                                                            :
              *Defendants.*          :

## COMPLAINT – CIVIL ACTION

### PRELIMINARY STATEMENT

1.     Plaintiff, *Venus Taylor*, is an adult citizen and resident of the Commonwealth of

Pennsylvania, County of Philadelphia, residing at the above address.

2.     At all times material hereto, Venus Taylor and Felix B. Taylor (hereinafter as

"Plaintiff's decedent") were husband and wife.

3.     Venus Taylor (hereinafter as "Plaintiff") is the duly-appointed Administratrix of

the *Estate of Felix B. Taylor* by grant of Letters of Administration by the Register of Wills of the

County of Philadelphia, Commonwealth of Pennsylvania, dated May 2, 2017.

4.     Defendant, *Mohammad A. Sayeed, M.D.*, (hereinafter referred to as "Dr.

Sayeed"), is now, and at all times material hereto was, a licensed physician maintaining an office

for the practice of medicine at the address stated above.

5.     Dr. Sayeed also maintains professional offices at 16th Street and Girard Avenue in

Philadelphia, PA 19130.

2

Case ID: 170600944

6.     Based upon information and belief, defendant Sayeed's Philadelphia office is located at 1633 W. Girard Avenue.

7.     Dr. Sayeed specializes in the practices of pulmonary disease and internal medicine.

8.     Dr. Sayeed is board certified and a licensed professional.

9.     Dr. Sayeed maintains offices in Philadelphia County.

10.    Plaintiff is asserting a professional liability action against Dr. Sayeed.

11.    All medical care that defendant Sayeed provided to Plaintiff's decedent occurred in Philadelphia County.

12.    Defendant, *Robert B. Watterson, M.D.*, (hereinafter referred to as "Dr. Watterson"), is now, and at all times material hereto was, a licensed physician maintaining an office for the practice of medicine at the address stated above.

13.    Dr. Watterson specializes in the practice of internal medicine.

14.    Dr. Watterson is board certified and a licensed professional.

15.    Dr. Watterson maintains offices in Philadelphia County.

16.    Plaintiff is asserting a professional liability action against Dr. Watterson.

17.    All medical care that defendant Watterson provided to Plaintiff's decedent occurred in Philadelphia County.

18.    Defendant, *Delaware Valley Community Health, Inc. d/b/a and/or a/k/a Fairmount Primary Care Center* (hereinafter referred to as "Fairmount Primary Care Center" is now, and at all times material hereto, was a healthcare provider, a duly authorized legal entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, providing health care services, with a place of business at the address stated above.

3

19.     Defendant Fairmount Primary Care Center is a licensed professional.

20.     Defendant Fairmount Primary Care Center maintains professional offices in Philadelphia County.

21.     Plaintiff is asserting a professional liability claim against defendant Fairmount Primary Care Center.

22.     Fairmount Primary Care Center's website lists Dr. Watterson as the facility's Medical Director:

### ROBERT B. WATTERSON, MD
**Medical Director, Satellites**
Adult & Family Medicine Pediatrics

23.     Plaintiff is also asserting a claim based on *respondeat superior* against defendant Fairmount Primary Care Center, for the conduct of its ostensible agents, agents, servants and/or employees, including, but not limited to, Dr. Watterson and any and all staff and professionals associated with the care provided to Plaintiff's decedent that included scheduling of appointments, scheduling of diagnostic tests, patient follow-up, and chart organization.

24.     All medical care that defendant Fairmount Primary Care Center provided to Plaintiff's decedent occurred in Philadelphia County.

25.     This medical professional liability cause of action arose in Philadelphia County.

### FACTS COMMON TO ALL COUNTS

26.     Plaintiff's decedent suffered *at least* a fourteen (14) month delay in diagnosis of non-small cell lung cancer as a result of the substandard medical care provided to him by the Defendants.

27.     On July 18, 2015, Plaintiff's decedent, Felix B. Taylor, died of complications of non-small cell lung cancer.

4

Case ID: 170600944

28.     Specifically, as a result of the negligent acts and/or omissions attributed to the Defendants, Plaintiff's decedent died of respiratory failure caused by Stage IV non-small cell lung cancer.

29.     At the time of his death, Plaintiff's decedent was fifty-seven (57) years old.

30.     Had the medical treatment provided by Dr. Sayeed and Dr. Watterson to Plaintiff's decedent conformed to the requisite standards of medical care, Plaintiff's decedent would have been diagnosed with non-small cell lung cancer at an earlier stage, when it was curable.

31.     At all relevant times hereto, Dr. Watterson was Plaintiff's decedent's primary care physician.

32.     At all relevant times hereto, Dr. Watterson failed to properly coordinate and oversee the medical care provided to Plaintiff's decedent.

33.     Dr. Watterson owed Plaintiff's decedent a duty to provide him with medical care in conformity with the applicable standard of care.

34.     Dr. Watterson breached the aforesaid duties to Plaintiff's decedent, by committing the negligent acts and/or omissions as set forth more fully in the following paragraphs.

35.     On or about December 4, 2013, Plaintiff's decedent came under the care of Dr. Sayeed, and Plaintiff's decedent remained under Dr. Sayeed's care up until the time he was diagnosed with cancer in May 2015.

36.     Dr. Sayeed owed Plaintiff's decedent a duty to possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within his fields of specialization.

5

37.     Dr. Sayeed owed Plaintiff's decedent a duty to provide him with medical care in conformity with the applicable standard of care.

38.     Dr. Sayeed breached the aforesaid duties to Plaintiff's decedent, by committing the negligent acts and/or omissions as set forth more fully in the following paragraphs.

39.     Plaintiff's decedent was hospitalized at St. Joseph's Hospital in Philadelphia from December 4, 2013 through December 17, 2013 with what was believed to be pneumonia.

40.     The left upper lobe is one of two lobes in the left lung.

41.     On December 12, 2013, Plaintiff's decedent underwent a CT Thorax without contrast.

42.     The radiologist who interpreted that study documented "small masslike foci" in the left upper lobe and commented: "an underlying malignancy cannot be excluded. Tissue sampling might be warranted."

NAME : 1A /LOR, FELIX

| PATIENT ID#: | 94520533 | MEDICAL RECORD #: 551864 |
| DATE OF BIRTH: | 10/14/1957 | |
| ACCESSION #: | 173267 | |
| EXAM: | CT THORAX - C - CT THORAX WITHOUT CONTRAST | |
| EXAM DATE: | 12/12/2013 11:13 | |

Impression:
1. Persistent and slightly diminished left upper lobe consolidation with adjacent honeycombing and moderate peribronchial thickening; small masslike foci in the left upper lobe cannot be excluded.
2. No further evidence of the previously noted small left pleural effusion with residual irregular left lower lobe parenchymal densities, as described.
3. Persistent patchy opacities at the right lung base, with a persistent and slightly increasing right pleural effusion and right lower lobe compressive atelectasis.

Comment: As previously stated, the changes described might all be on acute inflammatory basis, although an underlying malignancy cannot be excluded. Tissue sampling might be warranted.

43.     On December 13, 2013, Dr. Sayeed performed a bronchoscopy on Plaintiff's decedent.

6

44.     The results of the bronchoscopy yielded no useful diagnostic information, yet Dr.

Sayeed took no steps to diagnose the etiology of the process in Plaintiff's decedent's left upper

lobe.

45.     On December 27, 2013, as part of follow-up, Plaintiff's decedent underwent a

chest x-ray which revealed a residual opacity in his left upper lobe.

46.     On January 24, 2014, Plaintiff's decedent was seen for an office visit by Dr.

Watterson.

47.     On January 27, 2014, Plaintiff's decedent underwent an x-ray of his shoulder for

an issue unrelated to his upper respiratory ailments.

48.     This study was ordered by Dr. Watterson.

49.     However, Neil J. Berger, D.O., the radiologist who interpreted the January 27,

2014 shoulder x-ray, again noted an opacity in the left upper lobe and included in his

impressions the need for follow-up: "It should be noted that there is residual opacity in the left

upper lobe . . . an underlying malignancy must also be considered, especially in light of the

persistence of this opacity. Therefore, clinical evaluation and follow-up again recommended.

Tissue sampling might ultimately be warranted for definitive diagnosis."

Comment: It should be noted that there is residual opacity in the left upper lobe, although diminished since
the previous chest radiograph of 12/17/13 and compared to the previous thoracic CT scan of 12/12/13. As
stated previously, this opacity could represent an inflammatory process although an underlying malignancy
must also be considered, especially in light of the persistence of this opacity. Therefore, clinical evaluation
and follow-up again recommended. Tissue sampling might ultimately be warranted for definitive
diagnosis. Dr. Kadkhoda was notified at the time of dictation on 01/28/14 at approximately 4 p.m.

50.     The results of this study were provided to all Defendants.

51.     On February 5, 2014, Plaintiff's decedent was seen by Dr. Sayeed for an office

visit as follow-up from the care he previously received at St. Joseph's Hospital.

52.    During this visit, Dr. Sayeed incorrectly diagnosed Plaintiff's decedent with fungal pneumonia.

53.    Plaintiff's decedent did not have fungal pneumonia.

54.    All treatment provided by Dr. Sayeed to Plaintiff's decedent from this point forward operated under the presumption that Plaintiff's decedent was suffering from fungal pneumonia.

55.    Dr. Sayeed's note dated February 11, 2014 indicates that he would consider ordering a CT guided needle biopsy to rule out a malignancy.

56.    That study was not ordered at this point and nothing was done to rule out a malignancy.

57.    On February 21, 2014, Plaintiff's decedent was seen by Dr. Watterson for an office visit.

58.    In Dr. Watterson's note from this date it states "How he developed Candida pneumonia is still unknown."

**Fungal pneumonia (117.9)**
Resolving. Lung exam essentially normal now. Has appointment with Pulmonology at Hahnemann next week. CT scan is planned followed by bronchoscopy. How he developed a Candidal pneumonia is still unknown.

59.    Yet, Dr. Watterson did nothing to ascertain how Plaintiff's decedent developed fungal pneumonia on this date.

60.    In addition, Dr. Watterson did not discuss the results of the January 27, 2014 study with Plaintiff's decedent, nor did Dr. Watterson order any tissue sampling or make any referrals relate to the condition of Plaintiff's decedent's left upper lobe during this office visit.

61.    On March 5, 2014, Plaintiff's decedent was seen by Dr. Sayeed.

62.    Dr. Sayeed did not order any tests at this time to attempt to diagnose the mass located in the left upper lobe.

8

63.     On March 14, 2014, Plaintiff's decedent was seen for an office visit by Dr. Watterson.

64.     Dr. Watterson's note indicates that Plaintiff's decedent's fungal pneumonia was "resolving" and that he had a follow-up appointment "with pulmonary scheduled."

65.     Fairmount Primary Care Center's medical records fail to indicate that there was any follow-up conducted by Dr. Watterson related to Plaintiff's decedent's pulmonary condition at any point from this date forward.

66.     On May 6, 2014, Plaintiff's decedent underwent a chest x-ray that revealed "Persistent left upper lobe mass like opacity with adjacent airspace disease. No significant change in the findings since 02/11/14."

67.     On May 14, 2014, Plaintiff's decedent was seen by Dr. Sayeed who ordered a CT guided needle biopsy to rule out a malignancy in the left upper lobe.

68.     On June 3, 2014, Plaintiff's decedent underwent a CT scan which revealed:



69.     The radiologist who interpreted this study found that "the findings in the lung are most likely inflammatory, although an underlying malignant process cannot be excluded."

70.     On June 6, 2014, Plaintiff's decedent was seen for an office visit by Dr. Watterson.

71.     During this office visit, Dr. Watterson discussed an orthopedic referral with Plaintiff's decedent.

72.     Dr. Watterson's records do not indicate that there was any discussion of left upper lobe opacities or follow-up related to Plaintiff's decedent's treatment with Dr. Sayeed.

9

73.    On July 14, 2014, Plaintiff's decedent underwent a CT guided needle biopsy at St. Joseph's Hospital.

74.    A note in the surgical pathology section of that report stated: "Tissue too small for further evaluation. If there is clinical evidence of tumor, more tissue is requested."

### MICROSCOPIC DIAGNOSIS:

LUNG, LUL (FNA):  MINUTE FRAGMENT OF BRONCHIAL
TISSUE WITH ACUTE AND CHRONIC INFLAMMATION.

CLASS I  CPT: 88173
T2800 M4000

NOTE:  TISSUE TOO SMALL FOR FURTHER EVALUATION.
IF THERE IS CLINICAL EVIDENCE OF TUMOR,
MORE TISSUE IS REQUESTED.

75.    Furthermore, the cytology report from the same test revealed "aggregates of atypical epithelial cells":

PATIENT: TAYLOR, FELIX          ROOM: OUTPATIENT

COLLECTION DATE: 07/14/14          P.N.: 55000871

AGE: 10/14/57     SEX: M          DATE RECEIVED BY LAB: 07/14/14
                                  DATE PROCESSED: 07/15/14

DESCRIPTION OF SPECIMEN ON RECEIPT: 5 SLIDES.

SOURCE OF SPECIMEN: FNA LUL CONSOLIDATION

CLINICAL HISTORY: LUL CONSOLIDATION (LUNG).

CYTOLOGY NO.: SP031-14          PHYSICIAN: S. GREENSWEIG   MR#: 551864
CYTOLOGY DIAGNOSIS:

HEMORRHAGIC SLIDES WITH OBSCURING HEMORRHAGE
SHOWING COMPACT AGGREGATES OF BRONCHIAL
CELLS AND A FEW AGGREGATES OF ATYPICAL
EPITHELIAL CELLS.

76.    Dr. Sayeed never followed-up on these results with Plaintiff's decedent.

Case ID: 170600944

77.     Plaintiff's decedent also underwent a post-biopsy chest x-ray on July 14, 2014.

78.     This diagnostic study was ordered by Dr. Watterson and was interpreted to reveal

"persistent left upper lobe opacity which is relatively stable since 05/06/14."

---

| PATIENT ID: 15000557 | | | | MEDICAL RECORD #: | 551864 |
| DATE OF BIRTH: 10/14/1957 | AGE: 56 | SEX: M | | HOSPITAL SERVICE: | SJH |
| PATIENT PHONE : 2156680928 | | | | STATUS: | |
| SSN : 178483905 | | | | PATIENT LOCATION: | * |
| | | | | ADMIT DATE: | 7/14/2014 0:00 |

ADMITTING DIAGNOSIS : POST BIOPSY

ORDERING PHYSICIAN. WATTERSON, ROBERT
ADDRESS: 14122 FAIRMOUNT AVE, Philadelphia :19130

REPORT OF DIAGNOSTIC EXAMINATION

Exam:                    XRPCXR - XR PORTABLE CHEST
CPT Code(s):             RAD4511023: 71010
Indications / Reason     POST BIOPSY
Accession #:             190275
Exam Date:               7/14/2014 12:56

Findings: An AP upright view of the chest was obtained at the bedside on 07/14/14 at 1:40 p.m..

There is no evidence of a pneumothorax. There is persistent left upper lobe opacity which is relatively
stable since 05/06/14.

The remainder of the lungs is well aerated. The cardiac and diaphragmatic contours remain average.

Impression: No evidence of a pneumothorax. Persistent left upper lobe opacities.

---

79.     Accordingly, Dr. Watterson was aware of both: (1) the fact that Plaintiff's

decedent underwent a biopsy and (2) that there was "persistent left upper lobe opacities."

80.     Dr. Watterson never followed-up on the results of the diagnostic studies

performed on July 14, 2014 with Plaintiff's decedent.

81.     On January 30, 2015, Plaintiff's decedent was seen by Dr. Watterson at

Fairmount Primary Care Center for complaints of shoulder pain.

82.     Dr. Watterson did not discuss the results of the July 14, 2014 CT Guided Needle

Biopsy at this time.

83.     Dr. Watterson made no efforts to correlate or manage Plaintiff's decedent's

overall care at this time.

84.     Dr. Watterson never followed up on the results of the July 14, 2014 studies with

Plaintiff's decedent.

11

85.     On May 13, 2015, Plaintiff's decedent was seen at Fairmount Primary Care Center with multiple complaints.

86.     At this time, Plaintiff's decedent's chart at Fairmount Primary Care Center indicated he was still suffering from pneumonia.

87.     At this time, Plaintiff's decedent was sent to the Emergency Department for "stat labs" by Jennifer Minkovich, D.O., because he presented "febrile and tachycardic here and looks generally unwell."

88.     Later that day Plaintiff's decedent was admitted to St. Joseph's Hospital with complaints of night sweats, cough, and weight loss.

89.     A chest x-ray taken on May 13, 2015 indicated "increased left upper lobe opacity since 07/14/14."

90.     A CT Thorax performed on May 14, 2015 revealed "severe upper lobe consolidation with isolated small cavities, significant worse when compared to the previous scan of 06/03/14."

91.     On June 1, 2015, as a result of the test performed during the May 2015 hospitalization, Plaintiff's decedent was diagnosed with Stage IV non-small cell carcinoma of the lung, the most advanced form of the disease.

92.     It was subsequently determined that the cancer had metastasized to Plaintiff's decedent's lymph nodes.

93.     Plaintiff's decedent immediately started palliative chemotherapy.

94.     However, Plaintiff's decedent was not diagnosed in time to be cured, and he died on July 18, 2015.

12

95.    Dr. Sayeed failed to consider, diagnose, recognize, and/or treat the presence of the mass located in and around the left upper lobe of Plaintiff's decedent which was documented in several radiologic studies in late 2013 through July 2014.

96.    Dr. Watterson failed to consider, diagnose, recognize, and/or treat the presence of the mass located in and around the left upper lobe of Plaintiff's decedent which was documented in several radiologic studies in late 2013 through July 2014.

97.    The suspicious mass located in and around the left upper lobe was cancerous and ultimately progressed to Stage IV non-small cell lung cancer, causing the death of Plaintiff's decedent.

98.    The negligence of the Defendants increased the risk of harm to Plaintiff's decedent by causing a delay in diagnosis of his cancer, which caused his death.

99.    As a result of the negligent acts and/or omissions attributed to each of the Defendants and/or their ostensible agents, agents, servants, officers and/or employees, Plaintiff's decedent sustained severe injuries *prior* to his death, including, but not limited to:

       a.   Delay in diagnosis of cancer;

       b.   Progression of cancer from a curable stage to an incurable stage;

       c.   Undergoing extensive treatment for advanced cancer which would not have been necessary absent Dr. Sayeed's negligence;

       d.   Physical pain;

       e.   Suffering; and

       f.   Mental distress.

100.    All of the Plaintiff's decedent's aforementioned injuries, which occurred both before and after death:

Case ID: 170600944

a.  Have prevented Plaintiff's decedent from engaging in and enjoying the normal
    activities of life;

b.  Will prevent Plaintiff's decedent from engaging in and enjoying the normal
    activities of life in the future;

c.  Have prevented Plaintiff's decedent from attending to his usual duties,
    activities and occupations, causing a loss of earnings;

d.  Will prevent Plaintiff's decedent from attending to his usual duties, activities
    and occupations in the future causing a loss of earning capacity; and

e.  Have required Plaintiff's decedent's Wrongful Death beneficiaries to spend
    money and incur obligations in an effort to treat and care for the
    aforementioned injuries.

### COUNT ONE
### PLAINTIFF v. MOHAMMAD A. SAYEED, M.D.
### NEGLIGENCE

101.   Plaintiff hereby incorporates by reference all of the averments and allegations
contained in the foregoing paragraphs as though same were set forth herein.

102.   Dr. Sayeed owed Plaintiff's decedent a duty to possess and exercise that degree of
professional skill, care and knowledge ordinarily possessed and exercised by and/or required of
practitioners within the health care profession and/or within Dr. Sayeed's fields of specialization,
pulmonary disease and internal medicine.

103.   Dr. Sayeed owed Plaintiff's decedent a duty to provide him the medical care in
conformity with the applicable standard of care.

104.   Dr. Sayeed breached the aforesaid duties to Plaintiff's decedent  by committing
the following negligent acts or omissions:

14

a. Failure to diagnose cancer;

b. Failure to make appropriate recommendations and to order follow up testing which would have been diagnostic of cancer;

c. Failure to diagnose non-small cell carcinoma of the lung at a stage where the disease was curable;

d. Failure to include cancer in his differential diagnosis;

e. Misdiagnosis of fungal pneumonia;

f. Failure to visualize, describe and/or recognize an abnormal lesion;

g. Failure to order additional diagnostic studies;

h. Failure to recommend proper diagnostic testing;

i. Failure to properly work up nodular opacities;

j. Failure to properly work up left upper lobe consolidation;

k. Failure to timely treat Plaintiff's decedent's cancer when it was curable;

l. Failure to conduct a full and appropriate assessment of Plaintiff's decedent.

m. Failure to review available radiological studies conducted of tests taken by Plaintiff's decedent;

n. Failure to refer Plaintiff's decedent to a chest surgeon and/or an oncologist;

o. Failure to appropriately follow up on the abnormal results of July 14, 2014 CT guided needle biopsy test;

p. Failure to properly and adequately test for cancer following his review of the July 14, 2014 CT guided needle biopsy test results;

q. Failure to obtain timely tissue samples;

r. Failure to obtain tissue samples following December 12, 2013 radiologic study;

s. Failure to properly follow-up following December 13, 2013 bronchoscopy;

t. Failure to obtain diagnostic information as to the process in Plaintiff's decedent's left upper lobe following the December 13, 2013 bronchoscopy;

u. Failure to obtain adequate sampling following the December 13, 2013 bronchoscopy;

v. Failure to obtain tissue samples following December 27, 2013 radiologic study;

15

w. Failure to obtain tissue samples following January 27, 2014 radiologic study;

x. Failure to obtain tissue samples after February 5, 2014 and March 5, 2014 appointments;

y. Failure to appreciate the results of the May 6, 2014 radiologic study;

z. Failure to appreciate the results of the June 3, 2014 radiologic study;

aa. Failure to recommend any more definitive follow-up, including follow-up x-rays and CT scans of the left upper lobe, in order to rule out cancer;

bb. Failure to recommend that older x-ray films be identified, obtained, and reviewed in order to determine whether the abnormalities discovered in plaintiff's decedent's lung had been stable for an appropriate period;

cc. Failure to recommend other appropriate follow-up studies.

105.    As a result of the aforesaid acts of negligence, Plaintiff's decedent, Felix B. Taylor, was not diagnosed with lung cancer until May 13, 2015, after the cancer had progressed to Stage IV, resulting in his death on July 18, 2015.

106.    Had the medical treatment provided to Plaintiff's decedent conformed to the requisite standards of medical care, Plaintiff's decedent would have been diagnosed with non-small cell lung cancer at an earlier stage, when it was curable.

107.    The aforesaid acts of negligence by Dr. Sayeed increased the risk of harm that Plaintiff's decedent would die on July 18, 2015.

**WHEREFORE**, Plaintiff, Venus Taylor, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

### COUNT TWO
### PLAINTIFF v. ROBERT B. WATTERSON, M.D.
### NEGLIGENCE

108.    Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though same were set forth herein.

Case ID: 170600944

109.    Dr. Watterson owed Plaintiff's decedent a duty to possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within Dr. Watterson's field of specialization, internal medicine.

110.    Dr. Watterson owed Plaintiff's decedent a duty to provide him the medical care in conformity with the applicable standard of care.

111.    Dr. Watterson breached the aforesaid duties to Plaintiff's decedent by committing the following negligent acts or omissions:

        a.  Failure to diagnose cancer;

        b.  Failure to consider cancer in differential diagnosis;

        c.  Failure to properly oversee course of care;

        d.  Failure to coordinate with specialists providing care to Plaintiff's decedent;

        e.  Failure to properly manage Plaintiff's decedent's care;

        f.  Failure to make appropriate recommendations and to order follow up testing which would have been diagnostic of cancer;

        g.  Failure to diagnose non-small cell carcinoma of the lung at a stage where the disease was curable;

        h.  Failure to confirm the diagnosis of fungal pneumonia;

        i.  Failure to make appropriate referrals;

        j.  Failure to visualize, describe and/or recognize an abnormal lesion;

        k.  Failure to order additional diagnostic studies;

        l.  Failure to recommend proper diagnostic testing;

        m. Failure to properly work up nodular opacities;

        n.  Failure to properly work up left upper lobe consolidation;

        o.  Failure to timely treat Plaintiff's decedent's cancer when it was curable;

        p.  Failure to conduct a full and appropriate assessment of Plaintiff's decedent;

        q.  Failure to review all available radiological studies conducted of tests taken by Plaintiff's decedent;

17

r.  Failure to refer Plaintiff's decedent to a chest surgeon and/or an oncologist;

s.  Failure to appropriately follow-up on the abnormal results of the January 27, 2014 study;

t.  Failure to properly and adequately test for cancer following his review of the January 27, 2014 study;

u.  Failure to make appropriate referrals following the January 27, 2014 study;

v.  Failure to obtain tissue samples following January 27, 2014 radiologic study;

w.  Failure to appropriately follow up on the abnormal results of the July 14, 2014 studies;

x.  Failure to properly and adequately test for cancer following his review of the July 14, 2014 studies;

y.  Failure to make appropriate referrals following the July 14, 2014 studies;

z.  Failure to obtain timely tissue samples;

aa. Failure to schedule appropriate follow-up visits with Plaintiff's decedent;

bb. Failure to recommend any more definitive follow-up, including follow-up x-rays and CT scans of the left upper lobe, in order to rule out cancer;

cc. Failure to recommend that older x-ray films be identified, obtained, and reviewed in order to determine whether the abnormalities discovered in plaintiff's decedent's lung had been stable for an appropriate period;

dd. Failure to recommend other appropriate follow-up studies.

ee. Failure to discuss the significance of the findings of the January 27, 2014 and July 14, 2014 studies with Plaintiff's decedent.

112.    As a result of the aforesaid acts of negligence, Plaintiff's decedent, Felix B. Taylor, was not diagnosed with lung cancer until May 13, 2015, after the cancer had progressed to Stage IV, resulting in his death on July 18, 2015.

113.    Had the medical treatment provided to Plaintiff's decedent conformed to the requisite standards of medical care, Plaintiff's decedent would have been diagnosed with non-small cell lung cancer at an earlier stage, when it was curable.

18

Case ID: 170600944

114.    The aforesaid acts of negligence by Dr. Watterson increased the risk of harm that Plaintiff's decedent would die on July 18, 2015.

**WHEREFORE**, Plaintiff, Venus Taylor, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

## COUNT THREE
## PLAINTIFF v. DELAWARE VALLEY COMMUNITY HEALTH, INC. d/b/a and/or a/k/a FAIRMOUNT PRIMARY CARE CENTER
## NEGLIGENCE

115.    Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though same were set forth herein.

116.    Defendant Fairmount Primary Care Center, by and through its ostensible agents, agents, servants and/or employees, including, but not limited to, Dr. Watterson and any and all staff and professionals associated with the care provided to Plaintiff's decedent that included scheduling of appointments, scheduling of diagnostic tests, patient follow-up, and chart organization, owed Plaintiff's decedent a duty to possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within Dr. Watterson's field of specialization, internal medicine.

117.    Defendant Fairmount Primary Care Center, by and through its ostensible agents, agents, servants and/or employees, owed Plaintiff's decedent a duty to provide medical care in conformity with the applicable standard of care.

118.    Under a theory of *respondeat superior*, Fairmount Primary Care Center, by and through its ostensible agents, agents, servants and/or employees, breached the aforesaid duties to

19

Plaintiff's decedent by committing all of the aforementioned negligent acts attributed to Dr. Watterson (Count Two).

119.     As a result of the aforesaid acts of negligence, Plaintiff's decedent, Felix B. Taylor, was not diagnosed with lung cancer until May 13, 2015, after the cancer had progressed to Stage IV, resulting in his death on July 18, 2015.

120.     Had the medical treatment provided to Plaintiff's decedent conformed to the requisite standards of medical care, Plaintiff's decedent would have been diagnosed with non-small cell lung cancer at an earlier stage, when it was curable.

121.     The aforesaid acts of negligence by Fairmount Primary Care Center increased the risk of harm that Plaintiff's decedent would die on July 18, 2015.

**WHEREFORE**, Plaintiff, Venus Taylor, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

### FIRST CAUSE OF ACTION - SURVIVAL ACTION
### PLAINTIFF v. MOHAMMAD A. SAYEED, M.D.

122.     All of the foregoing paragraphs are incorporated by reference as though fully set forth at length herein.

123.     Plaintiff, Venus Taylor, is the duly-appointed Administratrix of the *Estate of Felix B. Taylor* by grant of Letters of Administration by the Register of Wills of the County of Philadelphia, Commonwealth of Pennsylvania, dated May 2, 2017.

124.     Plaintiff brings this action on behalf of the Estate of Felix B. Taylor.

125.     Plaintiff claims damages for the aforesaid injuries suffered by Plaintiff's decedent specifically including but not limited to the physical pain, suffering, and mental distress undergone by plaintiff's decedent prior to his death, and for the loss of earnings and earning

20

Case ID: 170600944

capacity suffered by plaintiff's decedent's Estate from the time of defendants' tortious acts and/or omissions to such time in the future as plaintiff's decedent probably would have lived had he not died as a result of the defendants' tortious acts and/or omissions as described hereinbefore.

126.     Plaintiff brings this action by virtue of, *inter alia*, 42 Pa.C.S.A. § 8302 and claims all damages encompassed thereby.

**WHEREFORE**, Plaintiff, Venus Taylor, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

## SECOND CAUSE OF ACTION - WRONGFUL DEATH
### PLAINTIFF v. MOHAMMAD A. SAYEED, M.D.

127.     All of the foregoing paragraphs are incorporated by reference as though fully set forth at length herein.

128.     Plaintiff, Venus Taylor, is the duly-appointed Administratrix of the *Estate of Felix B. Taylor* by grant of Letters of Administration by the Register of Wills of the County of Philadelphia, Commonwealth of Pennsylvania, dated May 2, 2017.

129.     Plaintiff brings this action on behalf of the Estate of Felix B. Taylor.

130.     Plaintiff's decedent left surviving him only the following persons entitled to recover damages for his wrongful death and on whose behalf this action is brought: his wife, Venus Taylor, and his adult-children, Jennifer West, Venus Cassidy, and Felix Taylor, Jr.

131.     Plaintiff's decedent's widow, Venus Taylor, resides at 2235 W. Ingersoll Street, Philadelphia, PA 19121.

132.     Plaintiff's decedent's daughter, Jennifer West, resides at 5413 Sharswood Street, Philadelphia, PA 19131.

21

Case ID: 170600944

133.     Plaintiff's decedent's daughter, Venus Cassidy, resides at 15619 Cameron Drive, Sunrise, AZ 85379.

134.     Plaintiff's decedent's son, Felix Taylor, Jr., resides at 3601 Conshohocken Avenue, Apt. 137, Philadelphia, PA 19131.

135.     As a result of the aforementioned tortious acts and/or omissions of each of the defendants, plaintiff's decedents Wrongful Death beneficiaries have been required to spend money and incur obligations in an effort to treat and care for the aforementioned injuries to Plaintiff's decedent and have been deprived of the earnings and the value of the services of the decedent and have been deprived of the expected monetary contributions and the pecuniary value of the services, society, comfort, guidance, and tutelage of the decedent during his life expectancy.

136.     Plaintiff claims damages for the monetary and pecuniary loss occasioned by the death of Plaintiff's decedent, as well as, for reimbursement of hospital expenses, nursing expenses, medical expenses, funeral expenses, burial expenses, and expenses of Estate administration.

137.     Plaintiff claims damages for the pecuniary losses sustained as a result of the decedent's death including damages for the loss of the contributions, services, society and comfort decedent would have provided had he survived.

138.     Plaintiff brings this action by virtue of, *inter alia*, 42 Pa.C.S.A. § 8301 and claims all damages encompassed thereby.

22

**WHEREFORE**, Plaintiff, Venus Taylor, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

Respectfully submitted,

**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER, P.C.**

BY:    */s/ Steven G. Wigrizer*
          **STEVEN G. WIGRIZER**
          **JASON S. WEISS**
          **Attorneys for Plaintiff**

23

# VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.

VENUS TAYLOR, Administratrix
of the Estate of Felix B. Taylor, Deceased

Case ID: 170600944

BY:   **STEVEN G. WIGRIZER**
  **JASON S. WEISS**
**wigrizers@wnwlaw.com/weissj@wnwlaw.com**
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

This is a Major Jury Case.
Jury Trial is Demanded.
Assessment of Damages Hearing Required.
*Filed and Attested by the Office of Judicial Records 05 Jun 2017 11:12 am*

**ATTORNEYS FOR PLAINTIFF**

---

| | |
|---|---|
| **VENUS TAYLOR**, as Administratrix of the **Estate of FELIX B. TAYLOR**, deceased, and VENUS TAYLOR, in her own right<br>      *Plaintiff*<br><br>    v.<br><br>**MOHAMMAD A. SAYEED, M.D., et al**<br>      *Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

  **COURT OF COMMON PLEAS**
  **PHILADELPHIA COUNTY**

  _____ **TERM, 2017**

  **No. _____**

  **CIVIL ACTION**

  *Medical Professional Liability Action*

---

## CERTIFICATE OF MERIT AS TO DEFENDANT, DELAWARE VALLEY COMMUNITY HEALTH, INC. d/b/a and a/k/a FAIRMOUNT PRIMARY CARE CENTER

  I, Jason S. Weiss, Esquire, certify that an appropriate licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill or

knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the

subject of the complaint, fell outside acceptable professional standards and that such conduct was

a cause in bringing about the harm to plaintiff's decedent.

AND

  that the claim that this defendant deviated from an acceptable professional standard is

based on allegations that other licensed professionals for whom this defendant is responsible

deviated from an acceptable professional standard and an appropriate licensed professional has

supplied a written statement to the undersigned that there is a basis to conclude that the care, skill

or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and

that such conduct was a cause in bringing about the harm to plaintiff's decedent.

WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER, P.C.

**DATED: June 8, 2017**                 BY: _____

JASON S. WEISS
Attorney for Plaintiff

BY:   STEVEN G. WIGRIZER
      JASON S. WEISS
wigrizers@wnwlaw.com/weissj@wnwlaw.com
Identification No. 30396/310446
WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER, P.C.
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

This is a Major Jury Case.
Jury Trial is Demanded.
Assessment of Damages Hearing Required

ATTORNEYS FOR PLAINTIFF

---

VENUS TAYLOR, as Administratrix of the     :
Estate of FELIX B. TAYLOR, deceased, and   :
VENUS TAYLOR, in her own right             :
                        *Plaintiff*        :
                                           :
                                           :
                  v.                       :
                                           :
MOHAMMAD A. SAYEED, M.D., et al            :
                        *Defendants*       :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

_____ TERM, 2017

No. _____

CIVIL ACTION

*Medical Professional Liability Action*

---

### CERTIFICATE OF MERIT AS TO DEFENDANT,
### MOHAMMAD A. SAYEED, M.D.

I, Jason S. Weiss, Esquire, certifies that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm to plaintiff's decedent.

WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER, P.C.

DATED:  June 8, 2017              BY: _____

JASON S. WEISS
Attorney for Plaintiff

Case ID: 170600944

BY:   **STEVEN G. WIGRIZER**
     **JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
Identification No. 30396/310446
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

This is a Major Jury Case.
Jury Trial is Demanded.
Assessment of Damages Hearing Required.

**ATTORNEYS FOR PLAINTIFF**

---

| | |
|---|---|
| VENUS TAYLOR, as Administratrix of the | :    **COURT OF COMMON PLEAS** |
| **Estate of FELIX B. TAYLOR**, deceased, and | :    **PHILADELPHIA COUNTY** |
| VENUS TAYLOR, in her own right | : |
|          *Plaintiff* | :    _____ **TERM, 2017** |
| | : |
| | :    **No.** _____ |
|        **v.** | : |
| | : |
| **MOHAMMAD A. SAYEED, M.D., et al** | :    **CIVIL ACTION** |
|          *Defendants* | : |
| | :    *Medical Professional Liability Action* |

---

### CERTIFICATE OF MERIT AS TO DEFENDANT,
### <u>ROBERT B. WATTERSON, M.D.</u>

     I, Jason S. Weiss, Esquire, certifies that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm to plaintiff's decedent.

                                           **WAPNER, NEWMAN, WIGRIZER,**
                                           **BRECHER & MILLER, P.C.**

**DATED:  June 8, 2017**               **BY:** _____
                                         **JASON S. WEISS**
                                         **Attorney for Plaintiff**

Case ID: 170600944

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2018, I served a true and correct

copy of the foregoing Notice of Filing of Removal by U.S. mail, first class, postage prepaid

upon the following:

Steven G. Wigrizer, Esquire
WAPNER, NEWMAN, WIGRIZER
BRECHER, MILLER, P.C.
2000 Market Street, Suite 2750
Philadelphia, PA  19103
*Attorneys for Plaintiff*

Michael E. McGilvery, Esquire
2011 Renaissance Blvd., Suite 200
King of Prussia, PA  19406
*Attorney for Defendant*
*Mohammad A. Sayeed, M.D.*

GREGORY B. DAVID
Assistant United States Attorney